**In re Price's Poultry, Inc.**

*Dennis Harnish*, Deputy Attorney General, for Commonwealth.

*Robert Campbell*, for respondent.

WATERS, Member, October 10, 1972.—This matter comes before the Board on a complaint for civil penalties for violation of The Clean Streams Law of June 22, 1937, P. L. 1987, as amended, 35 PS §691.1, et seq.

Defendant poultry company is a large processor employing 85 persons in Blair County, Pa.

The plant in question does have a disposal system for the unusable chicken waste, but there are discharges from certain lines which leak or break from time to time, causing a flow onto the ground and toward a nearby stream.

## FINDINGS OF FACT

1. Defendant, Price Poultry, Inc., is a large corporation which processes and packages chickens in Frankstown, Blair County, Pa.

2. The Department of Environmental Resources, hereinafter referred to as the "department" upon visiting the plant on more than two occasions discovered a discharge from the industrial waste disposal plant system at various places, directly onto the ground.

3. Efforts have been made by defendant to keep its waste disposal lines repaired but this has not always been successful.

4. Defendant has made, and is now making, efforts to install a system which will eliminate further waste water discharges into the waters of the Commonwealth.

## CONCLUSIONS OF LAW

1. The Environmental Hearing Board has jurisdiction over the persons and subject matter of this proceeding.

2. Defendant, Price Poultry, Inc., has violated The Clean Streams Law at the site of its processing plant in Frankstown Township, Blair County, Pa., by allowing the discharge of liquid industrial waste into the waters of the Commonwealth.

3. A civil penalty may properly be imposed for the violation that has occurred on defendant's property.

## DISCUSSION

The department has shown defendant's violation of The Clean Streams Law. This law prohibits the discharge of industrial waste and defines "waters of the Commonwealth" to include any and all rivers, streams, creeks, rivulets, impoundments, ditches . . . and all other bodies or channels of conveyance of surface and underground water. Clearly, the discharge of water on defendant's property comes within this definition.

Civil penalty cases of this kind present a difficult problem because a financial penalty is not really related to environmental damage in anything more than a most abstract way. The true thrust of a penalty, then, must be to encourage future action rather than to simply penalize past conduct. Defendant has shown by its contract with Griffith Engineering that definite steps have been taken to put a new waste treatment plant into operation and eventually eliminate the cause which led to these proceedings.

We do not believe this is an example of blatant and reprehensible disregard for our citizens and the waters of the Commonwealth which would call for a severe penalty. This is true, despite the fact that defendant has had a previous legal entanglement because of the poultry processing operation.

## ORDER

And now, October 10, 1972, after due consideration of the testimony in the above matter, Price Poultry, Inc., is hereby ordered to pay to the Commonwealth of Pennsylvania, the sum of $100 per month, for each and every month until the Department of Environ-

mental Resources certifies that all violations of The Clean Streams Law have terminated at the plant site in Frankstown Township, Blair County, Pa.